Filed 11/22/21  In re J.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | C094135 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.B.,<br><br>Defendant and Appellant. | (Super. Ct. No. JJCJVDE20200000364) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *In re Kevin S.* (2003) 113 Cal.App.4th 97.  Having reviewed the record as required by *Wende* and *Kevin S.*, we affirm the judgment.

## I.  BACKGROUND

The minor's, J.B., mother found minor, who was 15 years old, with his hand down the front of his five-year-old stepsister's, A.A., underwear.  A.A. said the minor touched

1

her "[i]n [her] bottom" and he made her put her mouth on his penis. A petition was filed against the minor under Welfare and Institutions Code section 602 alleging the minor committed a lewd or lascivious act with a child under 14 years old. (Pen. Code, § 288, subd. (a).)

On December 18, 2020, the minor filed a motion to dismiss the petition because of a delay in obtaining the body camera video from the investigating police officer. After briefing and oral argument, the trial court denied the motion.

The juvenile court held a contested jurisdiction hearing over several days taking testimony from A.A., the mother, and the investigating police officer. On May 14, 2021, the juvenile court found the charge true beyond a reasonable doubt and declared the minor a ward of the court under Welfare and Institutions Code section 602. The juvenile court transferred the case to Contra Costa County for disposition because that was the minor's county of residence.

## II. DISCUSSION

We appointed counsel to represent the minor on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436; *In re Kevin S., supra*, 113 Cal.App.4th 97.) The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from the minor.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

HULL, J.

3